UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, CDCR #AH-1995,<br><br>         Plaintiff,<br><br>vs.<br><br>JONES, SIHOTANG; DR. MARTIN; SANTILLAN; CDCR,<br><br>         Defendants. | Case No.: 3:20-cv-00228-RBM-LR<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO CONSIDER SUR-REPLY; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Docs. 80, 82]** |

This case involves Plaintiff Raul Arellano's ("Plaintiff") Eighth and Fourteenth Amendment claims against Defendants R. Santillan, B. Martin, O. Sihotang, and F. Jones ("Defendants"), all medical officials at the Richard J. Donovan Correctional Facility, from June to July of 2019. (*See* Doc. 6, First Amended Complaint ("FAC").) On June 28, 2023, the Court granted Defendants' Motion for Summary Judgment in its entirety and entered judgment on their behalf. (*See* Docs. 75, 76.) Currently pending before the Court is Plaintiff's "Motion to Reconsider the Merits of his Sur-Reply" and "Motion for Reconsideration" of the Court's Order Granting Summary Judgment, including a request for copies of documents. (*See* Docs. 80, 82.)

1

## I. DISCUSSION

### A. Motion for Court to Reconsider the Merits of the Sur-Reply

Plaintiff asks that the Court consider his sur-reply that was received by the Court on June 28, 2023. (*See* Doc. 77.) On May 8, 2023, Plaintiff had sought leave to file a sur-reply to Defendants' reply to his opposition to their motion for summary judgment (*see* Doc. 70), which was granted (*see* Doc. 71). On June 5, 2023, Plaintiff again sought an extension of time to file his sur-reply, which was granted by the Court, and he was directed to file his sur-reply by June 23, 2023. (*See* Docs. 73, 74.) While the Court did receive the sur-reply several days after the deadline Plaintiff was given by the Court, it is timely due to the "mailbox rule[1]" as Plaintiff signed the sur-reply on June 23, 2023. (*See* Doc. 77 at 7.)

However, even if the Court had received Plaintiff's sur-reply prior to the entry of the June 28, 2023 Order, the Court's decision would not be altered in any way. The Court notes that leave to file a sur-reply is discretionary and should only be granted "where a valid reason for such additional briefing exists, such as the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); *see also Edwards v. Mondora*, 700 F. App'x 661, 664 (9th Cir. 2017). In Plaintiff's motion seeking leave to file a sur-reply, he claimed that he "notic[ed] there were several mischaracterize[ed] facts or things that were omitted or were not stated as how Defendants mentions them in the Reply." (Doc. 70 at 1.) Because Plaintiff is proceeding in *pro se*, the Court granted Plaintiff's request to file a sur-reply.

---

[1] Pursuant to the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed." *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270–72 (1988) (notice of appeal filed by a pro se prisoner is deemed to be "filed" when it is delivered to prison authorities for forwarding to the district court); *see also Smith v. Evans*, 853 F.2d 155, 161–62 (3d Cir. 1988) (applying *Houston*'s mailbox rule to Rule 59(e) motion).

However, a review of Plaintiff's sur-reply demonstrates that he is not addressing any "new argument" raised by Defendants in their reply to his opposition to the motion for summary judgment. Plaintiff is merely rephrasing the same arguments he made in his opposition which the Court has already considered. Sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010) (quoting *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 690 n.4 (S.D. Tex. 2006)). That is the case here. Plaintiff's sur-reply merely contains the same arguments that were set forth in his opposition and do not address any new arguments as Defendants did not raise any new arguments in their reply to his opposition. Therefore, the Court **GRANTS** Plaintiff's request to consider his sur-reply, but there are no grounds to change or modify the Court's June 28, 2023 Order based on any arguments raised in Plaintiff's sur-reply.

**B.  Motion for Reconsideration**

a.  Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, therefore "[a] motion so designated will be construed according to the type of relief sought." Jones, et al., Rutter Group Prac. Guide: Fed. Civ. Trials & Ev. Ch. 20-C, § 20.273 (2020) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)). However, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2) permits motions for reconsideration within "28 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a local rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v.*

3

*Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

On July 28, 2023, Plaintiff filed a Motion for Reconsideration of the Court's Order Granting Summary Judgment. (Doc. 82.) Because Plaintiff filed this Motion for Reconsideration within 28 days of the Court's judgment, the Court will apply Rule 59. "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

b.  <u>Plaintiff's Arguments</u>

Plaintiff's Motion for Reconsideration does not seek reconsideration based on newly discovered evidence or any intervening change in controlling law. *See Ybarra*, 656 F.3d at 998. Instead, Plaintiff claims the Court's June 28, 2023 ruling "ignored my main contention and went forward with a different contention." (*See* Doc. 82 at 2.) In regard to the Court's finding that Plaintiff did not point to any evidence in the record sufficient to overcome Defendants' showing that the medical treatment provided by Defendants was medically appropriate under the circumstances, Plaintiff explains the finding is "inappropriate" because Plaintiff had sufficient evidence in the form of his "opposition under oath" and his "verified complaint." (*Id.*)

Plaintiff's Motion for Reconsideration consists of his continued assertion that Defendant Martin refused to provide him medical treatment because Defendant Martin told him that "all Mexicans are liars [and] drug addicts. (*Id.* at 3.) Plaintiff also claims again that Defendant Martin and all the other named Defendants were deliberately indifferent to his serious medical needs because they refused to prescribe him the medication of his choice. (*See id*. at 3–6.)

These are the same arguments found in his opposition to the motion for summary judgment and he is again asking the Court to review the evidence it already considered at length. (*See* Doc. 75 at 6–18 (setting out "Arellano's Medical History & Treatment Record").) The evidence in the record demonstrated that, even drawing all facts and inferences in Plaintiff's favor, no jury could find that any of the named Defendants were deliberately indifferent to Plaintiff's medical needs or that Defendant Martin refused to provide any treatment based on Plaintiff's race. (*See* Doc. 75 at 27.) Despite Plaintiff's assertions, the Court did consider, review, examine, and discuss both Plaintiff's opposition to the motion for summary judgment and his verified FAC in the June 28, 2023 ruling.

Plaintiff's Motion offers no new evidence in support of the claims in this case, he alleges no new facts not available to him before, and he points to no intervening change in law. "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2810.1, pp. 127–128 (2d ed. 1995) (footnotes omitted)). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, No. 07-cv-362-L (LSP), 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007). In plain terms, "[a] motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-cv-00748-JMA (NLS), 2011 WL 1935967, at *1 (S.D.

Cal. May 20, 2011); *see Exxon Shipping Co.,* 554 U.S. at 486 n.5.  That is what Plaintiff attempts to do here.

### III.   CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to Consider Sur-Reply and Motion for Copies (Doc. 80) and **DENIES** Plaintiff's Motion for Reconsideration (Doc. 82) pursuant to Federal Rule of Civil Procedure 59(e).  The Court **DIRECTS** the Clerk of Court to mail a copy of Docs. 64 and 77, along with a copy of the Court's docket, to Plaintiff at the address listed in the Court's docket.

**IT IS SO ORDERED**.

DATE:  September 21, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE