UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, CDCR #AH-1995,<br><br>    Plaintiff,<br><br>vs.<br><br>JONES, SIHOTANG, DR. MARTIN, SANTILLAN, and C.D.C.R,<br><br>    Defendants. | Case No.: 3:20-cv-00228-RBM-LR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COSTS TO BE REDUCED**<br><br>[Doc. 83] |

This case involves Plaintiff Raul Arellano's ("Plaintiff") Eighth and Fourteenth Amendment claims against Defendants R. Santillan, B. Martin, O. Sihotang, and F. Jones ("Defendants"), medical officials at the Richard J. Donovan Correctional Facility, where Plaintiff is imprisoned. (Doc. 6, First Amended Complaint ("FAC").) On June 28, 2023, the Court granted Defendants' Motion for Summary Judgment in its entirety and entered judgment on their behalf. (Docs. 75, 76.)

Following the Court's entry of summary judgment in their favor, Defendants filed their Bill of Costs, Memorandum of Costs, and Affidavit of Defense Counsel in Support of Defendants' Bill of Costs. (Doc. 78.) The Clerk of Court then filed an Order Taxing

Costs in the amount of $1,541.90.  (Doc. 81.)  Currently pending before the Court is Plaintiff's "Motion for Costs to be Reduced," which the Court construes as a motion to re-tax costs pursuant to Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54.1(h) ("Motion").  (Doc. 83.)  Defendants have not filed an opposition.

For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

## I.     BACKGROUND

### A.    Plaintiff's First Amended Complaint

On February 2, 2020, Plaintiff filed his initial complaint.  (Doc. 1.)  The same day, Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.  (Doc. 2.)  On March 30, 2020, the Court granted Plaintiff's IFP motion but screened and dismissed *sua sponte* Plaintiff's claims against Defendants Sihotang and the California Department of Corrections and Rehabilitation ("CDCR") pursuant to 28 U.S.C. §§ 1915 (e)(2) and 1915A(b).  (Doc. 5 at 3, 7–9.)  Plaintiff was given 45 days to file an amended complaint curing all deficiencies.  (*Id.* at 9.)  On May 1, 2020, Plaintiff filed his First Amended Complaint ("FAC"), alleging that Defendants denied him medical care when they discontinued his prescription for Gabapentin and refused to admit him to the urgent care facility to get more.  (Doc. 6.)  On July 6, 2020, the Court found that Plaintiff's FAC contained "plausible Eighth Amendment inadequate medical care claims sufficient to survive…the sua sponte screening required by 28 U.S.C §§ 1915(e)(2) and 1915A(b)" and ordered the U.S. Marshals to effectuate service on Plaintiff's behalf.  (Doc. 7 at 7.)

### B.    Defendants' Motion to Dismiss

On October 9, 2020, Defendants Martin and Sihotang filed their Motion to Dismiss Plaintiff's FAC ("MTD").  (Doc. 13.)  Defendant Martin sought dismissal of Plaintiff's Eighth Amendment-based discrimination claim, and both Defendants sought dismissal of Plaintiff's state law claims for failure to comply with the pre-filing requirements of the California Government Claims Act (California Government Code sections 810–996.6).  (*Id.*)  On May 24, 2021, the Court granted in part and denied in part Defendants' MTD Plaintiff's FAC ("MTD Order").  (Doc. 30.)

2

In its MTD Order, the Court first addressed Defendant Martin's request that the Court dismiss Plaintiff's Eighth Amendment discrimination claims on the basis that such a claim is cognizable only under the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at 6.) While the Court agreed that Plaintiff failed to allege an Eighth Amendment discrimination claim, the Court found that, although Plaintiff failed to identify the Fourteenth Amendment, a liberal construction of the Plaintiff's FAC revealed that he sufficiently alleged a violation of the Equal Protection Clause of the Fourteenth Amendment against Defendant Martin. (*Id.* at 7–8.)

The Court then addressed Defendants' request for dismissal of Plaintiff's state law claims for failure to comply with the provisions of the California Government Claims Act, which requires claims to be presented to the Claims Board within six months of accrual. (*Id.*) The Court found that Plaintiff's FAC, as well as related documents for which the Court took judicial notice, demonstrated that Plaintiff (1) filed an untimely Claims Act claim against Defendant Martin and (2) filed a timely Claims Act claim against Defendant Sihotang but mistakenly referred to her as "Nurse Jiho." (*Id.* at 13.) Despite these errors, the Court found that Plaintiff had adequately alleged that his late filing against Defendant Martin was due to "excusable neglect" and that Plaintiff provided sufficient information to identify Defendant Sihotang. (*Id.* at 17–20.) For this reason, the Court permitted Plaintiff to proceed with his state law claims. (*Id.*)

**C.     Defendants' Motion for Summary Judgment**

On October 3, 2022, Defendants filed their Motion for Summary Judgment ("MSJ") with respect to Plaintiff's Eighth Amendment claims. (Doc. 53.) Defendants argued that there was no evidence that they showed "deliberate indifference" to Plaintiff's "serious medical needs" in violation of the Eighth Amendment. (*Id.* at 18–22, 27–32.) Relatedly, Defendants argued that Plaintiff's Bane Act claims pursuant to California Civil Code § 52.1 failed as a matter of law because there was no prerequisite Eighth Amendment violation. (*Id.* at 22–24, 33.)

In the Court's order ("MSJ Order"), the Court noted that Plaintiff had filed ten other civil rights action in the Southern District of California between March 13, 2014 and February 6, 2020 and that six of those actions contained Eighth Amendment claims and allegations of inadequate medical care. (Doc. 75 at 3). After a lengthy recital of Plaintiff's medical history based on Plaintiff's medical records and this district's prior rulings in Plaintiff's related cases, Plaintiff's testimony, and Defendants' testimony, the Court concluded that "no jury could reasonably conclude that any named Defendant acted with deliberate indifference to [Plaintiff's] claims of severe pain or his reported seizers." (*Id.* at 20, 25–27.) Rather, the Court found that there was "overwhelming evidence that [Plaintiff] was seeking reinstatement of his Gabapentin" and that Plaintiff's lay opinion as to the efficacy or superiority of Gabapentin over the other forms of treatment provided to him was not sufficient to establish a genuine dispute of material fact warranting denial of Defendants' MSJ. (*Id.* at 22–23.) The Court also dismissed *sua sponte* Plaintiff's Fourteenth Amendment Equal Protection claim, declined to exercise supplemental jurisdiction over the remaining state law claims, and directed the Clerk of the Court to enter a final judgment in favor of Defendants on all claims. (*Id.* at 28–31.)

**D.     Costs**

Following the Court's entry of summary judgment in their favor, Defendants filed their Bill of Costs, Memorandum of Costs, and Affidavit of Defense Counsel in Support of Defendants' Bill of Costs. (Doc. 78.) Defendants contend that "[a]s the prevailing party, they seek allowable costs incurred in taking the Plaintiff Raul Arellano's deposition." (*Id.* at 1.) Defendants also attached an invoice showing $1541.90 in deposition costs. (*Id.* at 5.) Shortly thereafter, the Clerk of Court filed the Order Taxing Costs in the amount of $1,541.90. (Doc. 81.)

In Plaintiff's Motion, he asks the Court "to consider [] reducing the [$]1,500.00 costs because [he is] currently indigent…." (*Id.* at 1.) He then writes, "…or I would appreciate if it could be taken off in total." (*Id.*) Plaintiff explains that he gets paid $8.00 a month

4

but that $4.00 goes to Restitiution of $15,000 so it would take him a lifetime to pay an additional $1,500. (*Id.*) Defendants have not filed an opposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Likewise, Civil Local Rule 54.1(a) states, "[u]nless otherwise ordered by the Court, or stipulated by the parties, the prevailing party is entitled to costs." CivLR 54.1(a). Civil Local Rule 54.1(b) also specifies that "items taxable as costs" include "[c]osts incurred in connection with taking depositions… ." CivLR 54.1(b). Thus, it is clear that Rule 54 and Local Rule 54.1 "create[] a presumption in favor of awarding costs to a prevailing party…." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). This presumption also applies to prisoner plaintiffs proceeding in forma pauperis. *See* 28 U.S.C. § 1915(f) ("Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings.... If the judgment against a prisoner includes the payment of costs..., the prisoner shall be required to pay the full amount of the costs ordered.").

Nevertheless, "[a] review of the decision of the Clerk in the taxation of costs may be taken to the Court on motion to re-tax by any party in accordance with Rule 54(d), Fed. R. Civ. P., and Civil Local Rule 7.1." CivLR 54.1(h). The district court has the discretion to refuse to award costs under certain circumstances. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 591–92.

Appropriate reasons for denying costs include (1) a losing party's limited financial resources, (2) misconduct by the prevailing party, (3) the "chilling effect" of imposing costs on future civil rights litigants, (4) the difficulty and closeness of the issues in the case, (5) whether the prevailing party's recovery was nominal or partial, (6) whether the losing party litigated in good faith, and (7) whether the case presented an issue of national importance. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). While a district court may consider a plaintiff's limited financial resources,

"proceeding in forma pauperis does not, by itself, exempt a prisoner from paying costs." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) ("*Draper*"). Further, a district court's "discretion is not unlimited" and it "must 'specify reasons' for its refusal to award costs." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591 (internal citation omitted).

In limited circumstances, the Ninth Circuit has found an award of costs to be an abuse of discretion. *See e.g.*, *Stanley v. University of Southern California*, 178 F.3d 1069, 1080 (9th Cir. 1999) (deciding that the district court abused its discretion in denying the plaintiff's motion to re-tax costs in part because the award could have left plaintiff indigent and could chill future civil rights litigation). For example, in *Draper*, the plaintiff alleged a violation of his Eighth Amendment right to be free from cruel and unusual punishment stemming from a physical altercation with an officer. *Draper*, 836 F.3d at 1076. After trial, the jury returned a verdict in favor of the officer defendant. *Id.* at 1078. Thereafter, the district court awarded $3,018.35 in costs against the plaintiff. *Id.* The Ninth Circuit held that the district court abused its discretion when it awarded costs against plaintiff—a *pro se* prisoner proceeding in forma pauperis. *Id.* at 1076. The *Draper* court reasoned that the case had substantial public importance because the Eighth Amendment safeguards the rights and safety of prisoners and that a large cost award against the plaintiff could "chill" similar lawsuits challenging Eighth Amendment violations in jails and prisons. *Id.* at 1088. The *Draper* court also reasoned that the case was close because the plaintiff's case survived summary judgment, there was compelling witness testimony on both sides at trial, and the jury deliberated for many hours. *Id.* Finally, the *Draper* court emphasized that the plaintiff proceeded in forma pauperis, had "virtually no resources" and that "[t]here is no comparison between [plaintiff's] limited resources and those of the state of California, which bore the defense costs." *Id.* at 1089.

### III. DISCUSSION

**A.   Indigence, Without More, Does Not Justify Granting Plaintiff's Motion**

Plaintiff's only argument is that he should not have to pay the costs awarded against him because he is indigent. (*See* Doc. 83 at 1.) However, indigence, without more, does

not justify striking an award of costs. *See Draper*, 836 F.3d at 1087 ("[P]roceeding in forma pauperis does not, by itself, exempt a prisoner from paying costs."); *Garcia v. Sleeley*, Case No. 14-CV-1525 JLS (RBM), 2020 WL 4697967, at *2 (S.D. Cal. Aug. 13, 2020) ("[I]ndigence, standing alone, does not justify Plaintiff evading the taxation of costs.") (quotation omitted); *Janoe v. Stone*, No. 06-CV-1511-JM, 2012 WL 70424, at *2 (S.D. Cal. Jan. 9, 2012) ("Once costs are awarded, a prisoner cannot avoid responsibility based on indigence."); *Duvigneaud v. Garcia*, No. 04cv580 BTM (WMc), 2007 WL 2009800, at *1 (S.D. Cal. July 5, 2007) (same); *Williams v. Buenrostro*, No. 17cv2345-MMA (JLB), 2020 WL 2745260, at *2 (S.D. Cal. May 27, 2020) (finding that the monthly installment payment procedures set forth in 28 U.S.C. § 1915 were sufficient to address concerns regarding plaintiff's indigency). On this basis alone, Plaintiff's Motion must be denied.

## B.   Weighing the Factors Supports Denial of Plaintiff's Motion

The Court has also considered whether any of the appropriate reasons for denying costs are present in this case. *See Champion Produce, Inc.*, 342 F.3d at 1022.

As discussed above, Plaintiff's limited financial resources alone are not sufficient to justify granting Plaintiff's Motion to re-tax the relatively modest costs Defendants incurred taking Plaintiff's deposition. Further, there is no evidence of misconduct by the Defendants. Rather, there is ample evidence that Plaintiff instigated this lawsuit to procure a prescription for Gabapentin. (Doc. 75 at 22–23.)

Additionally, this was not a close case. While Plaintiff had limited procedural success withstanding the 28 U.S.C. § 1915 screening and Defendants' MTD, Plaintiff's case was disposed of on summary judgment. (Doc. 75.) In this Court's MSJ Order, the Court concluded that "no jury could reasonably conclude that any named Defendant acted with deliberate indifference to [Plaintiff's] claims of severe pain or his reported seizures." (*Id.* at 20, 25-27.) The Court reasoned that there was ample medical record evidence that Plaintiff was merely seeking a prescription for Gabapentin and that Plaintiff did not dispute or object to any of the medical records submitted by Defendants. (Doc. 75 at 22–23.) The

Court also dismissed Plaintiff's Fourteenth Amendment Equal Protection claim *sua sponte*, declined to exercise supplemental jurisdiction over the remaining state law claims, and entered final judgment in favor of Defendants on all claims. (*Id.* at 28-31.) The court reasoned that Defendants' failure to procure Gabapentin for Plaintiff was consistent with Plaintiff's primary care physician's treatment plan and not the result of discrimination. (*Id.* at 29.) For these reasons, the Court finds that this case is distinct from the close case in *Draper*, where the plaintiff's case survived summary judgment, there was compelling witness testimony on both sides at trial, and the jury deliberated for many hours. *See Draper*, 836 F.3d at 1088.

Finally, while it is true that Eighth Amendment cases can have substantial public importance and that courts have expressed concern about the "chilling effect" of imposing costs on civil rights litigants, *see Draper*, 836 F.3d at 1088, this concern does not overcome the other factors weighing in favor of denying Plaintiff's Motion in the present case.

## IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion. Plaintiff shall pay Defendants' costs in accordance with 28 U.S.C. § 1915.

**IT IS SO ORDERED**.

DATE:  November 6, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE